Benito NEGRON, Petitioner–Appellant,

v.

Gary NEET; Attorney General of the State of Colorado, Respondents–Appellees.

No. 01–1172.

United States Court of Appeals, Tenth Circuit.

April 16, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Benito Negron, a state prisoner appearing pro se, seeks a certificate of appealability in order to challenge the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed his petition for failure to exhaust state remedies. For the reasons stated below, we deny his request for a certificate of appealability.[1]

From the papers he has filed in federal court, it appears that Mr. Negron was convicted of drug offenses in May 2000. He apparently brought a direct appeal of that conviction before the Colorado Court of Appeals, which affirmed the trial court. His petition for a writ of certiorari on direct appeal was denied by the Colorado Supreme Court in December 2000.

Mr. Negron filed the present section 2254 petition in federal district court on January 3, 2001 claiming ineffective assistance of counsel. On January 24, Mr. Negron filed a letter with the court requesting that his petition be held in abeyance pending a decision from the Colorado Supreme Court on a petition for writ of certiorari filed by his attorney. From this letter, the district court surmised that Mr. Negron had failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1). Citing to our decision in *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992), the court correctly noted that a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. The court determined that Mr. Negron had not met the standards set out in section 2254(b)(1) and dismissed the action without prejudice.

To determine whether Mr. Negron is entitled to a certificate of appealability when the district court has denied a habeas petition on procedural grounds, we examine whether he has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (construing 28 U.S.C. § 2253(c)).

In his appeal, Mr. Negron maintains that he has, in fact, exhausted his state remedies, the Colorado Supreme Court having apparently denied his petition for writ of certiorari on the ineffective assistance claim on August 31, 2001.[2] While this may be the case, it does not under-

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Subsequent to filing this appeal, Mr. Negron filed a motion asking us to enjoin the Colorado Department of Corrections from enforcing certain administrative regulations involving legal mail and postage fees as well as stopping administrative actions involving Mr. Negron's prison trust account. It appears from his motions and judicial memorandum that Mr. Negron is attempting to allege a civil rights claim under 42 U.S.C. § 1983. However, that claim must first be brought in the district court.

2. Mr. Negron has not provided this court with copies of any of the Colorado court actions that he mentions in his brief on appeal, thus making evaluation of his claims exceedingly difficult.

mine the soundness of the district court's dismissal of his case because *at the time* the court dismissed the claim, Mr. Negron had yet to exhaust state remedies. The district court's order stated the correct standard for exhaustion of state claims. The court's reading of the facts appears similarly sound. In short, nothing Mr. Negron presents on appeal convinces us "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We reiterate what the district court already stated: Mr. Negron may file a new habeas corpus action raising all of his claims after he has exhausted state remedies. Doing so requires the filing of a *new* action, however.

We therefore GRANT his motion to proceed in forma pauperis, DENY his request for a certificate of appealability, and DISMISS the appeal.